# Third District Court of Appeal

## State of Florida

Opinion filed June 30, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1798
Lower Tribunal No. 20-18489
_____

**Daniel Tormo,**
Appellant,

vs.

**Wilfredo Rosa, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Barakat + Bossa PLLC, and Giacomo Bossa, for appellant.

Kenner + Imparato PLLC, and Adam Kenner, for appellees.

Before FERNANDEZ, GORDO and BOKOR, JJ.

BOKOR, J.

Tormo appeals a November 3, 2020 nonfinal order for injunctive relief, arguing in pertinent part that the order fails to make requisite factual findings and because it did not require the posting of the bond. We review for abuse of discretion, and we examine each issue in turn.

The transcripts, referenced in the order on review and made part of the appellate record, contain detailed factual findings. While the order arguably implies those findings contained in the transcripts as the basis for the injunctive relief, the order must "specify the reasons for entry, [and] shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document." Fla. R. Civ. P. 1.160(c); see also Angelino v. Santa Barbara Enters., LLC, 2 So. 3d 1100, 1103 (Fla. 3d DCA 2009) (citing and applying same).

As to the second issue, the parties agree that the injunctive relief requires a determination of an appropriate bond by the trial court. The order on appeal states that trial court was prepared to address Tormo's motion for reconsideration and, as necessary, conduct an evidentiary hearing regarding the bond after the scheduled November 11, 2020 mediation. The court reaffirmed the ability to schedule a hearing on the bond in a subsequent order setting a hearing on a motion for reconsideration. However, the record contains no indication that Tormo

2

attempted to schedule the bond hearing. Instead Tormo filed the instant appeal, preventing the trial court from conducting the hearing it was prepared to conduct—the very act Tormo now claims the trial court should have done.[1]

Although the record reflects the trial court was prepared to address one, if not both, of the issues on appeal through a subsequent hearing, we are nonetheless constrained to conclude that the trial court abused its discretion in entering the order on appeal. Accordingly, we vacate the order on appeal and remand to the trial court to conduct an evidentiary hearing on the bond amount and to specify the factual findings in any order granting injunctive relief.

---

[1] The trial court was prepared to conduct an evidentiary hearing on the bond, as appropriate, as well as address the motion for reconsideration. The trial court also requested transcripts of the evidentiary hearings in which it orally pronounced the factual bases for the injunction. While that does not cure the defects in the order on review, we can't help but note that this appeal may have been unnecessary, and certainly would have likely resolved one or both of the underlying issues quicker and with less waste of judicial and client resources, if Tormo had simply provided the requested materials and accepted the trial court's invitation to set the hearing after November 11 (which was eight days after entry of the appealed order).

3